Number 161082 and 161355, Lissandro v. Domino's Pizza et al. Good morning and may it please the court. I'm Steve Churchill and I represent Plaintiff et al. Lissandro. This case arises from what was an exemplary trial in a putative class action. And as I noted in our opening brief, there are three related cases where class motions were pending. Classes haven't certified in all three of those cases. And so that helps put this case into context and the importance of it. The issue here is whether the district court erred in sending a legal question to the jury. And the question is whether Mr. Lissandro was a waitstaff employee under the Massachusetts TIPS law. So I would suggest that we have two relatively low hurdles for Mr. Lissandro to prevail in this appeal. The first is that he was, in fact, a waitstaff employee as a matter of law. The second is that the district court made a reversible error of law by sending that question to the jury. So the first issue I want to turn to is the waitstaff employee and how that is defined under the TIPS law. And as an overarching point, the point I would make is that when the TIPS law was amended in 2004, it's clear both from what the SJC recognized in the Di Fiore case and from what the Mass AG's office has said in its advisory, that the purpose of the amendment in 2004 was to expand it from the food and beverage industry to cover every other industry that involves TIP employees. And the significance of that here is that what the defendants are effectively trying to do is to carve up the food and beverage industry and to say that some TIP employees are covered under the TIPS law and some are not. And so I'd like to turn to the language of the TIPS law. This is in our addendum in how a waitstaff employee is defined, and there's three elements. The third one is not in dispute, and that is that a waitstaff employee cannot have any managerial responsibility. There's no question in this case that he did not. He was a delivery person. The first prong is that he is a person who served beverages or prepared food directly to patrons. He was a delivery person. He brought pizzas and other products from Domino's to people's doors, and he delivered it directly to them. So it is not reasonable to conclude that he does not meet that prong. The second prong is that he works in a restaurant, banquet facility, or other place where prepared food or beverages are served. And here, the Domino's restaurant in which he was based and from which he went to go make deliveries clearly served food. It served food both directly to patrons who came in to the store to either place orders or pick up orders, and it served food in the sense that it gave food to delivery drivers who then brought it out to the public. And I think the way to look at those first two prongs is the position prong on the one hand and an industry prong on the other. It's a position prong because it makes clear that it has to be the person who is delivering the food directly to the customer, as opposed to a cook or a dishwasher who is not covered under the tips law. The second prong is the industry prong. I mean, isn't the problem here, though, that this question was submitted to the jury and the jury ruled adversely. It's not that these definitions weren't part of the instructions to the jury to make these findings. I mean, your first argument is that this issue should never have gone to the jury. So could you just tell us? Sure. So the underlying facts were not in dispute. There was no question what his duties were, how those dominoes worked. So it was a pure question of statutory interpretation. If the facts aren't in dispute, as this court has previously ruled, that becomes a legal question. How should the statute be construed? And it's also established by this court that legal questions should not be sent to a jury. The only time that a statutory interpretation question can be sent is, and this is in the rural industries case, if it's a more complicated type of question, like a proximate cause type question. As the court said, application of fact-sensitive, rather amorphous legal standards to an extensive set of nuanced facts. That's not this case. The facts were very simple. It was a matter of how the statute should be interpreted. What were the instructions to the jury about how to interpret the statute? The elements were read to the jury. And in fact, ultimately, that is the elements of the Waitstaff definition. And how do we know that the wrong legal theory was presented to the jury? So here's the problem. It was a general verdict. And there were three things that we had to establish. Well, two that we had to establish. I'm just asking, in terms of the legal theory, the legal basis for the jury's decision. Right. Was the jury incorrectly instructed from your point of view? No. No, okay. So that means we should take the cases that were instructed just as you're now asking us to read the statute, correct? Yes, correct. Okay. Then you say you don't like the verdict. The normal view for that is, isn't the right objection then that it should have been judged on the opposite end, not because the facts actually make it implausible to come out the way they did? That's not the argument you're making to us. Yeah, I'm not sure. I may not be understanding the question. Imagine that they were correctly instructed just as you wanted. And we don't dispute that they were correctly instructed. So the way you want us to interpret the tip law, let's imagine the case went to the jury under the instructions you would have written yourself. Yes. And you got the same verdict. Right. What would your challenge be then? The challenge is that… What would your challenge be in that case? Properly instructed, the jury was told the tip law includes, can include a person who delivers pizza. So that is this case. We agree that the jury was properly instructed. But the problem is that a jury is not supposed to be interpreting the statute. A jury, that if this jury took the facts that were provided to them and concluded that Ms. Olasundra was not a waitstaff employee, that that's a legal error. And that's the issue here is the construal of the statute is a legal question that should not have gone to the jury. We asked the district court on a directed verdict motion to rule that he was a waitstaff employee as a matter of law. Instead, that was sent to the jury. And even though the jury was properly instructed, the jury was engaged in a legal analysis in making that determination. Now, we don't know if we lost on the waitstaff issue or if we lost on the service charge issue. Mr. Churchill, let me jump off from that because that's where you've intrigued me. So let's assume that I agree with you that the waitstaff issue belonged with the judge and that there was a question of law. And that under the facts that I dispute and under the law, it's relatively clear that Mr. Olasundra, the delivery man, was in fact a waitstaff subject to the tip law. Let's say I'm with you on all of that. The problem is that it went to the jury on a second independent basis. And that was whether the delivery charge is a service fee. That is a tip, right? And your argument is that we don't know which way the jury came down. They might have come down by illegally deciding something that should have been determined by the judge as a matter of law, or they might have decided it based on a factual dispute on the service fee issue. But we have the question from the jury where it's clear that the jury was focused on the service fee issue in determining that. Why isn't that, given all of these circumstances, sufficient for us to find that the judges, if we agree with you that it was error to instruct the jury on it and not decide the waitstaff issue as a matter of law, why isn't it harmless error in light of the independent, secondary independent basis for the judge, particularly when we have the question which seems to point to that as the jury's determination in this case? Right, because the test is that this court has to be reasonably sure, effectively, that the jury did not decide against us on the waitstaff issue and that it decided against us on the service charge issue. That's the standard. The jury question, I'm aware of no authority, and the defense didn't cite any, that this court or a trial court can or should infer anything from a jury question. And to the contrary, there's cases that say the opposite, because a jury question can stem from a single juror's question. But what if we were to determine, what if we were to determine, that it is so clear that you're correct on the waitstaff issue, that the law is clear, the facts are clear, it matches up, Mr. Lisandro was a waitstaff member. Can't the court then assume, based on the evidence that came in, that the jury determined it on the secondary independent issue, which was a proper jury issue to determine the decision on, that is, the service charge? I'm not aware of any authority that supports that, Your Honor, because that's like saying in the Gillespie case, which is one where there were three different theories of liability, and this court found as a matter of law that one of those theories was not viable as a legal matter. And so the question is, what do you do with this jury verdict? Do you uphold it based on the other two or not? And the analysis, that reasonably sure analysis, doesn't do that kind of analysis that you just proposed, which is, well, it's so obvious that the jury wouldn't have accepted that theory, because it just requires too much speculation. We don't know what the jury did. Can I just add something about the, you moved for a direct verdict? We did. And the district court's reason for not granting that motion was what? Unexplained. That is, while the trial was going on, when you moved for a direct verdict? Yeah, Judge Young just decided to send it to the jury. But he didn't explain why he was not addressing that issue as a matter of law. And you're just asking us to conclude that he must have been concluding that the legal question of how to interpret the statute was for the jury to decide why, and then that he just disagreed with you about how clear the facts were? I don't know what basis he did. Right, so what are we supposed to do with the fact that we don't know? Well, the only argument you're making to us is that we have to reverse, because the only interpretation of what he was doing was that he was disagreeing with you about whether this was a legal question about how to interpret the statute, as opposed to the possibility that he was disagreeing. What were the opposition papers? I assume they were challenging your question that the facts all went your way. Of course. Yeah, so when the district court says, I looked at the papers, it goes to the jury. How do we know the judge wasn't doing the right thing? And saying, he saw a factual dispute. Then if you want to come back and say, okay, but the facts actually were all our way, and he erred that way, that's a different kind of argument that you're making to us on appeal. Do you understand what I'm saying? Here's what I'm saying, Your Honor. It's a pure legal question. It doesn't matter what his justification was. If he got the pure legal question, which was, should this interpretation of the statute go to the jury? That depends on the apparent judgment that there are no facts in dispute at all. Well, that's what we're arguing to this court, that the facts that are relevant to this interpretation are not in dispute, and therefore, there's a purely legal question of whether it should go to a jury. He could have had 10 different reasons for why he did what he did. It doesn't matter if it's the right answer. That's one of the factual disputes is the service charge point, which is not following. You conceded there was a potential factual dispute on the service charge point. Of course, yes. So why wouldn't that be a reason to deny your approach of the jury of the verdict? And then if you didn't like the instruction on how to interpret the statute, you should have asked for instruction so the jury would be properly instructed. You didn't. So there was no error in that regard, and it was just a factual dispute the district court saw and asked the jury to resolve it. They did. Right. So I think I understand your question now. The issue for us is we could not move for a directed verdict to get a full verdict in our favor, but we were asked those two elements we had to prove. All we were saying was take this one out of the jury's realm, the white stuff issue. We couldn't get a directed verdict on the other one.  You didn't, but couldn't. Yeah. So both went to the jury, and we don't know if the jury got us on this one or on this one. That's the problem, is if the jury decided against us on the white stuff issue. And what's the law about when there are partial issues like that as to how to handle it? Because I would have thought one way to handle it would be to ask for instruction on the part that you think is so clear. That would have taken care of it, right? You wouldn't have had to have directed verdict, a piece of it. You would have just said properly instruct the jury as to the law on this. Then the whole case goes. The only point that would then be in dispute would be the service charge issue. Is that not a possible way to do it? Well, we did. The jury was instructed on the white stuff issue, but, again, that's a— But you didn't ask for it. The instruction, we just have to assume, was the right one because— No, we asked for it. And it was—and we don't dispute that the law as given to the jury was correct. You didn't ask for a special verdict form that separated out the two issues. Right. You could have done that, and that would have resolved this dispute entirely. Yes, but it's still— So this court was very clear in the recipe that we don't waive the issue by not requesting a special verdict form in that way. This court addressed that very issue in the recipe. Okay. Just going to the merits of it then, can I ask you one thing I'm not quite following? If I understand your meaning of waitstaff employee prong two, you want, in that prong, other places where prepared food and beverages are served. You mean Madonna's Restaurant there. That's the other place, correct? Yes. Okay. But in patron, the definition of patron, when it says a person who is served by a waitstaff or a service employee at any place where such employees perform work, you want that to be the home. Well, that's where they perform work. Yes. So you're saying that it doesn't make sense to read patron in the phrase where such employees perform work in conjunction with works in a restaurant or other place where prepared food and beverages are served to be in the same place. They're meant in different places in the two provisions. Well, in fact, the patrons go to the Domino's, and patrons are served outside the Domino's, and the delivery people work in the Domino's, and they work outside the Domino's. I know, but I'm asking, the general principle of construction would be that words, same words used in the same statute have the same meaning. Right. So a place where work is performed is used in two different places, but you want us to say, actually, they mean two different places. And why would that be a, I'm not saying you're wrong, I'm just trying to understand. Yes. How do we overcome, for you to win, the general notion that when the same word is used in the same statute, we should assume they mean the same thing? Well, because here, delivery drivers work in two different places. They work in the restaurant, and they work outside when they go and make deliveries. So he does work in the restaurant. I understand what he does. I'm trying to think. The person who designed the statute, in using the word work, what principle leads me to conclude that it makes sense to say the drafter actually had in mind two different meanings of work when they used the same word two paragraphs apart? The best answer I can give to that, Your Honor, is when you look at the overall language and history of the statute, the intent of this was to cover everybody in the food and beverage industry. That's the best way I can answer that question. Thank you. May it please the Court. Eric LeBlanc on behalf of appellees P.M.R.A. Pizza and Henry Askew. Your Honor, this case is not about whether or not Mr. LoSandro was a waitstaff employee. This case is about whether or not the jury should have been instructed with respect to that issue. And when we got our general verdict form, the verdict came down in favor of P.M.R.A. Pizza, Henry Askew, and the Domino's defendants. On appeal, we have to be reasonably certain that the verdict does not rely on an erroneous basis and that there is another alternative permissible basis on which the decision could have been made. In this case, I would submit that the judge's charge made it clear on which way the jury came down on the issues. The district court had a kind of a phasing charge where essentially the court asked the jury, first you need to find out if it's a waitstaff employee. Second, you need to find out if the service charge or if the tips were a service charge. And if you look at page 482 of the appendix, the district court said, if you find that these delivery drivers were waitstaff employees, you move on to the service charge issue. Then the next line says, if you find that they were not waitstaff employees, your analysis is over, you're done. Well, your honors, we then came to the jury question, which asked the question, if it's not a service charge, do we have to say what it is? Based on the phased charge given by Judge Young, we have to assume that the jury made it beyond the waitstaff issue. Because they couldn't have moved forward beyond the waitstaff issue had they found that they were not waitstaff. That's assuming that jurors act literally. They make a decision, unanimously vote on it, and then move to a second one when they're going to return a general verdict. I mean, they could have begun with that issue and their analysis of it very easily. And he didn't instruct them that they couldn't. He didn't say, in your deliberations, you're not allowed to start with issue B. He just said, in making your findings, A is a precondition for B. But he didn't say, the way you deliberate must follow this order. And if I find out you didn't, you've done something wrong. No, he didn't. But he did say, if you find that there were waitstaff employees, you move on. And that's true. And if you don't, your analysis is over. And that's true, too. But how do you go about figuring it? We start with issues sometimes that seem easy and move on to hard ones. But it still remains that the first one is a precondition for the second. Correct. And I think the way that the judge's charge was given presumed the jury would take one and then the other. Secondarily, any statements that we shouldn't be giving jury questions of law is just incorrect. In the Rural Industries case, this court held that an evaluative application of legal standards to even undisputed facts is a jury issue. And that's the case cited by Appellant. And in this case, we have these facts which are undisputable and certainly need an evaluation from the jury. Number one, we have the TIPS Act, which uses the term serves. Is delivery the same as serves? Well, that's something that the jury can answer. Is the idea of serving patrons in the restaurant the same as serving them at their home? That's a question for a jury. That's not a question of law for the judge. I think it's an error. What's your best case for that, for the idea that serves, whether delivering is serving, is a factual question rather than a legal question? My best case, Your Honor, is, again, we have two different terms. In service inside of a restaurant, which is the second definition of patron, we're being delivered pizzas at our home, not served in the restaurant. Right. So I understand, but I'm just trying to figure out why that's not a legal question. Because I think it's well within the purview of a jury to even know why. Well, in Appellant's briefs, it says this is an issue of common sense. Well, that's exactly what a jury is there for. A jury is there to implicate and state what common sense is and what are reasonable. I thought the thing we'd be trying to do is figure out what the intention of the drafter was in picking the word serve. And how would the jury have insight into what the drafter of the legislation intended? Because the jury was read the legislation directly. Well, that's illegal. What we're supposed to do is decide facts once we know what the intention of the drafters was. We don't ask juries to get into the mind of the drafters of the legislation. But we do ask juries to make evaluative applications of undisputed facts to the law, which is what was being asked of them here. Thank you. Thank you, Your Honor. Thank you. May it please the Court, I'm Daniel Blake here on behalf of Domino's. With me is Mr. Connealy. A point of clarification, Domino's is the franchisor here. It did not employ Mr. LoSandro. I wanted to address the waitstaff issue and in particular the arguments made by Mr. LoSandro. And starting with his contention that the 2004 change to the legislation somehow gives Mr. LoSandro different rights. Your Honor, the statute was amended in 2004 to add the concept of service employees. And that's the second part of the definition. The law covers waitstaff employees, service employees, and service bartenders. So the amendment to add service employees, people like hairdressers and folks like that who are customarily tipped, that prong to the definition expressly excludes employees in the food and beverage industry. So the only issue here is whether Mr. LoSandro met the definition of waitstaff employee. Do you concede that there are no facts in dispute relevant to the issue of the four waitstaff factors? And that the only reason that it went to the jury is for application of indisputed facts to the law? We don't dispute the underlying facts that the jury heard. We would dispute that. Were there disputed facts for this jury to determine on the issue of waitstaff? Disputed facts? No. I think that the jury was charged with was applying those facts to the law. But I want to point out, I do dispute the categorizations that Mr. LoSandro is making here. Domino's facilities are not referred to as restaurants by anyone. They weren't referred to as restaurants at the trial and papers filed by both sides. Domino's has stores. And the delivery drivers are just that. They deliver food. They are not servers. They don't serve food. What's the difference? What's the difference if a human being takes something off of the line and hands it to someone at the table in the restaurant versus take it off the line, gets in their car, and hands it to somebody in their home vis-a-vis the purpose of the tip law in Massachusetts? What's the difference? I would say, and I think the language of the statute itself kind of makes this clear, that a server is someone who actually is there waiting and has a relationship with the customer. I have a really good relationship with my Domino's delivery guy, sadly. I'm sure you do, but if you needed something else in that person, that brief exchange at the doorstep, that's the end of it. Whereas a server is, would you like something else? Would you like another drink? You know, those types of interactions. So I think a server is very much different than a delivery driver. Am I right that so customarily tipped delivery people, as long as they're not delivering food, are covered? Right. As long as, again, if they're customarily tipped. Yeah, if they're customarily tipped and they are not delivering food, they're definitely covered. I'm sorry, if they're not delivering food and they are customarily tipped, they're definitely covered under the second. So on your theory, the only people who are customarily tipped and deliver things are people who deliver food. Those people never can get recompense. Well, that's the fact of the view you're asking us to adopt. It is. And why would that make any sense? Well, it is, Your Honor, but that's the way the legislature left it. I understand if the text requires it, that's just the way it is, but is there some reason why any legislature would want that to be the case? That of all the people in the world who deliver stuff and get tipped, the one group of people we want to make sure can't get protection are those who deliver food? I can't speculate as to the reason, but I do know that we're constrained by what the statute says. So then if it's just a textual argument, I understand that could be a good one. What's the text that forecloses us from construing it so it might be more sensibly read so that we wouldn't have this odd consequence that customarily tipped food deliverers get no protection even though all other customarily tipped deliverers do? You know, I think that the problem with that, Your Honor, is I think Mr. Lysander is asking you to rewrite the law and not just interpret it. Well, is that one of the words that you think just prohibit us from getting that more sensible construction? Well, I'm not sure it's the words that are here in the statute. What I do think is that this Court has held in the Matamoros v. Starbucks case that the question of fairness concerning the tips law is something that's the province of the legislature. And this Court is not— But I'm saying if you're not making a purpose-based argument, you must be making a text-based argument. So what are the words that you say preclude us from reading it to include the deliverers of food? Well, I guess you're asking that as a negative. I don't see that these people are covered as waitstaff employees. And again, we have a problem with the characterization that Mr. Lysander worked in a restaurant and that, you know, on one hand, he's working in a restaurant, but then, as you pointed out earlier in your questioning, then he's in a different place, but then he's serving at some other time. So I think Mr. Lysander misses the mark completely with regard to the waitstaff issue. And again, that's how the legislature left it. And if the legislature needs to amend it, it certainly could have written it differently to say that anyone who's not a manager, who's customarily tipped in any industry, essentially, could be covered by this law. But it did not do so. Do you have a view about certifying the question? That hasn't been raised below, but we could get the benefit of the SJC's opinion. But I'm not sure that the SJC would have any different view than this Court would. If they did, that would resolve it against you. I'm not going to speculate on what to do. I would say that, just as this Court can, if you look at the statute and the plain meaning, the ordinary meaning that this Court gives to words, Mr. Lysander is not covered as a waitstaff employee, as they're arguing. Thank you. Thanks.